# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

WILFRED ROMAN, JR.,

                            Plaintiff,

     v.                                             5:13-CV-1273 (GLS/ATB)

KEVIN E. WALSH, Sheriff,

                            Defendant.

WILFRED ROMAN, JR., Plaintiff pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court a civil rights complaint, together with an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff Wilfred Roman, Jr. (Dkt. Nos. 1, 2). Plaintiff, who is currently incarcerated at the Onondaga County Justice Center, has not paid the filing fee for this action.

## I. **IFP Application**

A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). This court agrees, and finds that plaintiff is financially eligible for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)

-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. Complaint

In the complaint, plaintiff states that he was "set up" and arrested by an

informant and a police officer on June 1, 2013. (Compl. ¶ 6) (Dkt. No. 1). Plaintiff claims that the arrest was in violation of his Fifth and Eighth Amendment rights. Plaintiff claims that the officer asked him if he had any heroin, and although plaintiff states that he "told him no 2 times," the officer "kept asking until he got what he wanted." (*Id.*) Plaintiff claims that the police threw him against the wall during the arrest, and that the informant "was jealous of me over this woman named Janet Quinones. Entrapment PL 40.05." (*Id.*)

The complaint contains three causes of action. Plaintiff states that the arresting officer violated his 5th and 8th Amendment rights because plaintiff's shoulder is still scarred, and he is taking medication for the pain. In his second cause of action, plaintiff states that his lawyer is "acting incompetent," the judge has set bail that plaintiff cannot afford, and that the judge and the Navy are trying to "extract information out of [plaintiff.]" (Compl. ¶ 7). Plaintiff's third cause of action alleges that he used to be an admiral in the Navy, and he believes that the State of New York and the Navy are attempting to extract information from him. (*Id.*) Plaintiff seeks to be released on his own recognizance and asks that this court suppress the evidence against him. The complaint itself contains no request for damages, but the court notes that the Civil Cover Sheet contains a request for "$200,000,000,000." (Dkt. No. 1-1).

## DISCUSSION

I. **Pending Criminal Proceeding**

Because of the way that plaintiff has stated his facts and because of the type of relief he requests, the jurisdictional basis for this complaint is unclear. The court has a

duty to read an interpret a pro se party's pleadings to raise the strongest arguments they suggest. *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (citing *inter alia Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). Thus, this court will attempt to decipher plaintiff's complaint in order to determine any possible jurisdictional basis or bases for his claims.

### A. Section 1983

Plaintiff has brought this case on a form created for civil rights actions under 42 U.S.C. § 1983. (Dkt. No. 1). However, most of his complaint challenges what appears to be a pending criminal proceeding before the Honorable John Brunetti, County Court Judge. The first sentence of plaintiff's complaint alleges that "[i]t's been 12 years since I was convicted. The State of New York is running a Double Jeopardy on me." (Compl. at p.1). In his second cause of action, plaintiff states that his lawyer is "acting incompetent." He also claims that Judge Brunetti set too high a bail, and that the Judge, the State of New York, and the Navy are attempting to extract some form of "information" from plaintiff. He asks this court to release him on his own recognizance and to suppress the evidence against him.

To the extent that plaintiff's criminal action is still pending in New York State Court, this court must abstain from interfering in that prosecution pursuant to *Younger v. Harris*, 401 U.S. 37, 43-54 (1971), absent some extraordinary circumstance. *Nelson v. Hynes*, No. 13-CV-3447, 2013 WL 5502901, at *4 (E.D.N.Y. Oct. 2, 2013) (citing *Younger*, 401 U.S. at 53-54). *Younger* abstention is appropriate when there is an ongoing state proceeding; an important state interest is implicated; and the plaintiff

4

has an avenue open for review of any constitutional claims in state court. *Nelson v. Hynes*, No. 13-CV-3447, 2013 WL 5502901, at *4 (E.D.N.Y. Oct. 2, 2013) (citing *Younger, supra*.

Based on plaintiff's statement of facts, it is clear that his prosecution in state court is still pending. New York has an important state interest in enforcing its criminal laws. *Nelson, supra*. This court may not grant plaintiff a lower bail, nor suppress evidence that was obtained against him. He will have to address those issues in his criminal prosecution. As the court will discuss below, plaintiff has avenues of review in state court for any constitutional claims. Plaintiff states that Judge Brunetti has denied plaintiff's habeas corpus. However, having "an avenue" of review does not mean that plaintiff must be successful in his claims, only that he has a procedure by which to raise them. Thus, to the extent that plaintiff is attempting to bring a section 1983 action for injunctive relief that would interfere with his pending criminal prosecution, those claims may be dismissed.

To the extent that plaintiff is seeking damages related to his pending criminal prosecution, such a claim would be subject to dismissal because the only defendant named, Sheriff Walsh, is not personally involved in plaintiff's prosecution.[1] Personal involvement is a prerequisite to the assessment of damages in a section 1983 case. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citation omitted); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003).

Plaintiff would not be able to amend his complaint to name any party

---

[1] *Younger* abstention does not apply to claims for monetary damages. *See Rivers v. McLeod*, 252 F.3d 99, 101-102 (2d Cir. 2001).

responsible for his prosecution. He would not be able to sue either Judge Brunetti, who allegedly set high bail, nor would plaintiff be able to sue the prosecutor who is bringing the criminal case against him. Both of these individuals would be entitled to absolute immunity. *Mireless v. Waco*, 502 U.S. 9, 9-10 (1991) (with minor exceptions, judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions); *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts associated with the prosecutor's function, including conspiracies to present false evidence); *Bernard v. County of Suffolk*, 356 F.3d 495 (2d Cir. 2004) (absolute immunity shields prosecutors from suit pursuant to section 1983 for their alleged malicious or selective prosecution as well as for any misconduct in the presentation of evidence to the Grand Jury). Finally, plaintiff would not be able to sue his attorney because whether counsel is a public defender or private counsel, he or she does not act under color of state law for purposes of section 1983. *See e.g. Contreras v. Perimenis*, No. 3:12-CV-1770, 2013 WL 4494315, at *1 (D. Conn. Aug. 20, 2013).

**B.     Habeas Corpus**

Based on the relief plaintiff requests, the court will also consider whether the "complaint" may be properly brought as a petition for a writ of habeas corpus. When an individual is seeking to shorten the length of his confinement, the appropriate action is a petition for habeas corpus, naming his custodian as the respondent. Plaintiff has named only Sheriff Walsh, who is in charge of the Onondaga County Justice Center, where plaintiff is now incarcerated. Sheriff Walsh would be the proper

6

respondent if plaintiff could bring a petition for habeas corpus based on the facts asserted in his action.

A petition for habeas corpus may be brought under 28 U.S.C. § 2254 if the individual is in custody pursuant to the "judgment" of a state court or under 28 U.S.C. § 2241(c)(3), if the individual is in custody in violation of the "Constitution or Laws or treaties of the United States." *See Marte v. Berkman*, No. 11 Civ. 6082, 2011 WL 4946708, at *5-6 (S.D.N.Y. Oct. 18, 2011) (discussing different bases for habeas corpus petitions) (citations omitted), *aff'd sub nom. Marte v. Vance*, 480 F. App'x 83 (2d Cir. 2012). Because plaintiff's prosecution is ongoing, he is not challenging a "judgment" of the state court, and thus, section 2254 is not applicable.

The first sentence of the complaint in this case states that plaintiff is being subjected to "double jeopardy." Section 2241 has been used when the inmate is challenging pretrial detention and is attempting to bar a retrial on double jeopardy grounds, where section 2254 is not applicable. *Id.* at *5 (citing *inter alia Klein v. Leis*, 548 F.2d 425, 430 n.1 (6th Cir. 2008) (section 2241 application to bar state court retrial on double jeopardy grounds); *Walck v. Edmonson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (same)). *See also Johnson v. New York*, No. 12-CV-3213, 2012 WL 2861004 (E.D.N.Y. July 11, 2012) (court interpreted petitioner's claim, brought under section 2254, challenging retrial on double jeopardy grounds, as a petition brought under section 2241); *Hoffler v. Bezio*, 831 F. Supp. 2d 570, 57 (N.D.N.Y. 2011) (discussing pretrial habeas jurisdiction). Thus, according great liberality to this document, the court could interpret it as an attempt to bring petition for a writ of habeas corpus under

7

section 2241, claiming that he is being subjected to double jeopardy.[2]

Although not statutorily required under section 2241, courts have imposed an exhaustion of state remedies requirement akin to that required under section 2254. *Id.* at \*6 (citing *United States ex rel. Scranton v. State of New York*, 532 F.2d 292, 294 (2d Cir. 1976)). To the extent that this action could be interpreted as a petition for habeas corpus under section 2241 challenging his pretrial custody, plaintiff has not indicated that he has exhausted any state court remedies. He states only that he filed "motions" and a "habeas corpus" petition addressed to Judge Brunetti.[3]

Plaintiff indicates that the date of Judge Brunetti's "disposition" was August 23, 2013. (Compl. at p.4). It is unlikely that plaintiff obtained a decision on any appeal of Judge Brunetti's decision, nor does he state that he filed an Article 78 proceeding in an attempt to prohibit retrial. *See Marte v. Berkman*, 2011 WL 4946708, at \*3-4 (the Article 78 proceeding that petitioner filed in the Appellate Division, raising the double jeopardy claim, and the appeal to the New York Court of Appeals from the Appellate Division's denial exhausted his state remedies) (citing *Marte v. Berkman*, 70 A.D.3d 493 (1st Dep't 2010), *aff'd*, 16 N.Y.3d 874 (2011)). Thus, plaintiff could not bring an action under section 2241 even if he had filed this action asserting habeas jurisdiction, because of his apparent failure to exhaust his state law remedies.

---

[2] Plaintiff's basis for alleging "double jeopardy" is completely unclear, but at this early stage of the proceedings, the court will simply assume that is plaintiff's claim.

[3] Additionally, simply filing a motion in state court would be insufficient for exhaustion if it failed to include the double jeopardy ground that he now seeks to raise in this court. *See Klein*, 548 F.2d at 430 n.2 (citations omitted).

8

## II. **Excessive Force**

The only claim that could conceivably be brought in a civil rights action under section 1983 in this case is a claim that the officer used excessive force in arresting plaintiff, as long as a favorable result for plaintiff would not interfere with the pending criminal proceeding. Plaintiff states that the "police came . . . and threw me on the wall and arrested me." (Compl. ¶ 6). In his first cause of action plaintiff cites the Eighth Amendment and states that his "shoulder is still scarred and [he] is taking medication for the pain." (Compl. ¶ 7; First Cause of Action).

Although the plaintiff cites the Eighth Amendment, the proper basis for an excessive force claim under the facts stated by plaintiff, is the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989) (where an excessive force claim arises in the context of an arrest or an investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment which guarantees citizens the right to 'be secure in their persons . . . against unreasonable . . . seizures.') The court will construe plaintiff's claim as being brought under the proper constitutional provision.

Plaintiff's factual statements in this regard are minimal. It is well-settled that the right to make an arrest carries with it the right to use some degree of physical coercion or threat to effect it. *Graham*, 490 U.S. at 396. The force used must be reasonable, and the determination of reasonable force "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or

9

others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* The fact that plaintiff was "thrown" against the wall, may or may not have been reasonable or excessive.

The problem with plaintiff's claim, is that he has not named any person responsible for the excessive force. The only defendant that plaintiff has named in this complaint had no involvement in the arrest or the alleged use of excessive force, and he may not even be the "superior" of the officer who arrested plaintiff. Plaintiff states that "Police Officers" arrested him, but Sheriff Walsh is the Sheriff of Onondaga County,[4] and does not supervise the Syracuse Police Officers. If plaintiff had been arrested by a deputy sheriff, defendant Walsh would not be a viable defendant because he was not personally involved, but the court could serve defendant Walsh, and plaintiff could engage in discovery regarding the actual deputy sheriff who arrested him. However, if the arresting officer was not a deputy sheriff, there would be no point to serving defendant Walsh. Thus, the court will recommend dismissing the complaint without prejudice as to any claim of excessive force.

### III. Miscellaneous Statements

The court notes that in plaintiff's "Cause of Action," he states that he was a Admiral in the Navy, and that he "believe[s]" that the State of New York and the Navy are trying to extract information from him. It is unclear how this relates to the other facts stated by plaintiff which involve plaintiff's apparent arrest for the possession of heroin. Conclusory allegations are insufficient to state a claim for relief under section

---

[4] As stated above, it appears that plaintiff named Sheriff Walsh because the Sheriff is in charge of the County Jail where plaintiff is incarcerated.

1983. *See Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987). Regardless of what plaintiff is trying to say, it is evident that defendant Walsh is not the proper defendant for a claim against the State of New York or the United States Navy. Thus, any claims related to these allegations may be dismissed.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that the complaint be **DISMISSED WITH PREJUDICE** for failure to state a civil rights claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as to any claims challenging his pending criminal prosecution, and it is

**RECOMMENDED**, that the complaint be dismissed **WITHOUT PREJUDICE** as to any excessive force claims, and it is

**RECOMMENDED**, that if the court approves this recommendation, it further certify that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **fourteen (14) days** within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), & 6(e).

Dated: October 21, 2013

Hon. Andrew T. Baxter
U.S. Magistrate Judge