**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____
**WILFRED JR. ROMAN,**

                      **Plaintiff,**                  **5:13-cv-1273
                                                            (GLS/ATB)**

        **v.**

**KEVIN E. WALSH,**

                      **Defendant.**
_____
**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Wilfred Roman
Pro Se
13-B-3521
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

    Plaintiff *pro se* Wilfred Jr. Roman commenced this action against

defendant Onondaga County Sheriff Kevin E. Walsh, pursuant to 42 U.S.C.

§ 1983, alleging violations of his Fifth and Eighth Amendment rights.[1] (*See generally* Compl., Dkt. No. 1.) Upon commencement of this action, Roman filed a motion for leave to proceed *in forma pauperis* (IFP). (Dkt. No. 2.)

In a Report-Recommendation and Order (R&R) filed October 21, 2013, Magistrate Judge Andrew T. Baxter granted Roman's IFP application. (Dkt. No. 5 at 1, 11.) Additionally, upon an initial review of Roman's complaint pursuant to 28 U.S.C. § 1915, Judge Baxter recommended that the complaint be dismissed in its entirety and that the court certify that any appeal taken from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). (*Id.* at 11.) Specifically with respect to dismissal of Roman's complaint, Judge Baxter recommended that Roman's claims challenging his pending New York State criminal prosecution should be dismissed with prejudice, but that Roman's excessive force claims be dismissed without prejudice. (*Id.*) Pending are Roman's objections to the R&R. (Dkt. Nos. 6, 8.) For the reasons that follow, the court adopts the R&R in its entirety.

### III. **Standard of Review**

---

[1] Roman also appears to include claims that his attorney is "acting incompetent" and the State of New York and Navy are attempting to extract information from him. (Compl. ¶ 7.)

Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

## IV. Discussion

Roman's objection to the R&R states only that he is objecting to "the part that . . . says complaint Dismissed With Prejudice, because [he] did a lot of Civil Rights Claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)." (Dkt. No. 6 at 1.) Roman, therefore, specifically objects only to the portion of the R&R that dismissed with prejudice his claims challenging his pending criminal prosecution in New York State court. (*Id.*; Dkt. No. 5 at 11.) The court reviews this objection *de novo*. *See Almonte*, 2006 WL 149049, at

3

*3, *5.

It is axiomatic that "where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *accord Bridgeforth v. U.S. Navy Recruitment Office*, No. 1:11-CV-431, 2011 WL 5881778, at *2 (N.D.N.Y. Nov. 23, 2011). Here, liberally construing Roman's complaint, it appears that he challenges a pending criminal proceeding in New York State County Court. (Compl. at 1, 4.) To the extent that Roman seeks injunctive relief, his claims are properly dismissed in this action, as this court must abstain from interfering in a pending state prosecution pursuant to *Younger v. Harris*, 401 U.S. 37, 43-54 (1971). *See Nelson v. Hynes*, No. 13-CV-3447, 2013 WL 5502901, at *4 (E.D.N.Y. Oct. 2, 2013). To the extent that Roman seeks damages related to his pending prosecution, this claim is also subject to dismissal because Roman has failed to allege personal involvement. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (noting that personal involvement is a prerequisite to the assessment of damages in a § 1983 action). Because Roman has not alleged facts sufficient to support his claim, dismissal of these claims is appropriate.

4

Further, dismissal with prejudice also is appropriate, as Roman would be unable to name any party amenable to suit for his state prosecution. Although the court is cognizant that "when addressing a *pro se* complaint, *generally* a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that valid claim might be stated," it is also true that "an opportunity to amend is not required where the problem with [plaintiff's] causes of action is substantive such that [b]etter pleading will not cure it." *Gillespie v. Taylor*, No. 9:07-cv-00694, 2009 WL 3165543, at *4 (N.D.N.Y. Sept. 28, 2009) (internal quotation marks and citations omitted).

Here, both the County Court judge and the prosecutor bringing the criminal action against Roman would be entitled to absolute immunity. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (noting that, with few exceptions, judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions); *Bernard v. Cnty. of Suffolk*, 356 F.3d 495, 503 (2d Cir. 2004) (noting that absolute immunity shields prosecutors from suit pursuant to § 1983 for their alleged malicious or selective prosecution as well as for any misconduct in the presentation of evidence to a grand jury); *Sundwall v. Leuba*, No.Civ.A.300CV1309, 2001 WL 58834, at *11 (D.

5

Conn. Jan.23, 2001) (denying pro se plaintiff opportunity to amend before dismissing his complaint arising under 42 U.S.C. § 1983 because the error in his complaint—the fact that the defendants were protected from liability by Eleventh Amendment immunity—was substantive and not formal in nature, rendering repleading futile)*.* Moreover, Roman would not be able bring suit against his criminal defense attorney under § 1983, whether a public defender or court-appointed private counsel, because the attorney does not act under color of state law. *Maye v. New York*, 517 F. App'x 56, 58 (2d Cir. 2013) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318-25 (1981)); *Hom v. Brennan*, 304 F. Supp. 2d 374, 378-79 (E.D.N.Y. 2004) (citing cases). Accordingly, Roman's claims regarding his state court criminal prosecution were properly dismissed with prejudice.

Finally, the court has carefully reviewed the record, and found no clear error in the remainder of the R&R. The court notes, however, that with respect to the deficiencies articulated in the R&R regarding Roman's excessive force claims, this is the first time that Roman has been alerted to the short-comings in his complaint—namely, his failure to allege personal involvement. Accordingly, this dismissal is without prejudice to Roman's right to file an amended complaint, if he so chooses, consistent with the

6

R&R and this Memorandum-Decision and Order. The amended complaint must be filed within thirty (30) days of the date of this order and strictly comply with the requirements of, among other things, N.D.N.Y. L.R. 7.1(a)(4), Fed. R. Civ. P. 11(b), and Fed. R. Civ. P. 8. The amended complaint should set forth more specific allegations, and the factual basis for those claims. If Roman elects to file an amended complaint, defendants shall have fourteen (14) days to file the appropriate response.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Andrew T. Baxter's October 21, 2013 Report-Recommendation and Order (Dkt. No. 5) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Roman's complaint (Dkt. No. 1) is **DISMISSED WITH PREJUDICE** with respect to any claims challenging his pending criminal prosecution; and it is further

**ORDERED** that the complaint be **DISMISSED WITHOUT PREJUDICE** with respect to any excessive force claims, and it is further

**ORDERED** that Roman may, in accordance with the requirements of, among other things, Fed. R. Civ. P. 8(a) and N.D.N.Y. L.R. 7.1(a)(4), file

an amended complaint only with respect to his excessive force claim within thirty (30) days of the date of this Memorandum-Decision and Order; and it is further

**ORDERED** that if Roman elects to file an amended complaint, defendants shall have fourteen (14) days to file the appropriate response; and it is further

**ORDERED** that if Roman does not file an amended complaint within thirty (30) days of this Memorandum-Decision and Order, the Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

January 28, 2014
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court